DECISION.
{¶ 1} Defendant-appellant, Eric T. Rice, appeals from the judgment of the trial court revoking his community control and imposing a prison sentence of fourteen months. In a single assignment of error, Rice argues that the sentence "was excessive, did not comply with the sentencing guidelines, and was based on factors outside the guidelines." For the following reasons, we overrule the assignment of error.
 {¶ 2} Rice had entered a no-contest plea to possession of crack cocaine, a felony of the fourth degree, in violation of R.C. 2925.11(A). The offense carried a presumption in favor of a prison term.[1] We note that the trial court would have been fully warranted in imposing a prison term in light of Rice's criminal history, which included three prior felony drug convictions, as well as a misdemeanor drug-paraphernalia conviction. The record indicates that, while under probationary supervision for a 1989 felony drug-abuse conviction, Rice was convicted of two drug-trafficking offenses in 1992 and was sentenced to concurrent prison terms. Then, in 1999, Rice was placed on six months' probation for possession of drug paraphernalia, but Rice violated the terms of his probation.
 {¶ 3} Notwithstanding the presumption in favor of a prison term, the trial court was authorized to impose a community-control sanction upon Rice.[2] On March 26, 2002, the trial court sentenced Rice to three years' community control with intensive supervision. The court ordered Rice to complete a six-month drug program at River City Correctional Center ("RCCC"), as well as aftercare with drug monitoring.
 {¶ 4} Because RCCC was not equipped to handle Rice's subsequent knee injury, on April 25, 2002, the trial court modified Rice's community-control sanction to include inpatient treatment at the Talbert House treatment facility. On May 9, 2002, upon the advice of the probation department, the trial court again modified Rice's community-control sanction from inpatient treatment to outpatient treatment at Talbert House, and ordered Rice to be released from custody.
 {¶ 5} On June 14, 2002, the probation department filed a community-control violation against Rice, which indicated that he had tested positive for cocaine. Following Rice's plea of no contest, the court found him guilty of the violation and sentenced him to fourteen months in prison. Rice argues that he had not received any treatment for his drug problem and that he "did not meet the criteria for a prison sentence set forth in [R.C. 2929.13(E)(2)(a)]."
 {¶ 6} A court is required to make only one of two findings before imposing a prison sentence on a felony drug offender who tests positive for drug use while under community-control sanctions.[3] R.C.2929.13(E)(2)(a) provides as follows:
 {¶ 7} "If an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record either of the following:
 {¶ 8} "(a) The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program.
 {¶ 9} "(b) The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."
 {¶ 10} In this case, the record does not demonstrate whether Rice had begun to participate in any of the drug-treatment programs ordered by the court. If Rice had not participated for "a reasonable period" in a drug-treatment program, the court could not have sent him to prison for testing positive for cocaine, unless the court found that imprisonment was consistent with the sentencing purposes and principles of R.C.2929.11.[4]
 {¶ 11} Under R.C. 2929.11, the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender."[5] Moreover, a felony sentence must be reasonably calculated to achieve these two overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct." In this case, the court made the required findings. The court determined that there was "a serious need to protect the public in addition to punishing the offender. With this kind of history and these kind [sic] of offenses, the Court is not amenable to any kind of out-patient treatment nor has it in the past. A non-prison term will demean the seriousness of the offense."
 {¶ 12} We hold that the trial court made the required determinations pursuant to R.C. 2929.13(E)(2)(b) in sentencing Rice to a term of imprisonment.[6] Therefore, we overrule the assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Sundermann, P.J., concurs.
Painter, J., dissents.
[1] R.C. 2925.11(C)(4)(b).
[2] See R.C. 2929.13(D).
[3] R.C. 2929.13(E)(2)(a); State v. Beverly, 4th Dist. No. 01CA2603,2002-Ohio-118.
[4] See R.C. 2929.13(E)(2)(b).
[5] R.C. 2929.11(A).
[6] See, e.g., State v. Daniels, 5th Dist. No. 2001-CA00375,2002-Ohio-3694; State v. Riddle, 3rd Dist. No. 4-02-18, 2003-Ohio-478;State v. Mollenkamp, 10th Dist. Nos. 02AP-208, 02AP-209, and 02AP-210,2002-Ohio-6969.